In re   **Ronald J. Ostrowski**                                                            Case No.   **1-10-14932**

                                           Debtor(s)

## Chapter 13 Plan

     In compliance with 11 U.S.C. 1325 (a)(2), the herein Chapter 13 Plan is proposed in good faith and all of petitioner's net disposable income is committed herein, pursuant to 11 U.S.C. 1325 (b)(1).

     All mortgage obligations of debtor will be paid pursuant to the terms of the specific mortgage contract, unless set out otherwise below.  All claims entitled to priority, per 11 U.S.C. 507, shall receive full payment, via deferred distribution set out below.  Holders of allowed secured claims shall retain the lien securing said claims and shall be paid an amount up to the value of the collateral thereon, unless noted otherwise below.

     Pursuant to 11 U.S.C. 365 (p) (3), all executory contracts and leases held by debtor are assumed unless specifically rejected herein.  The following executory contracts/ leases of the petitioner are rejected: **NONE**

**Mortgage arrearage**: HSBC Mortgage: $2,196.00 @ prevailing interest rate: $ 2,635.00

**Secured:** Motor Vehicle and PMSI Liens:  Financial Trust FCU: $6,910.00 @ prevailing interest rate: $8,292.00

    **Adequate Protection Payments**: If there exists secured liens herein, the Trustee shall make adequate protection payments to the lienholders until confirmation or dismissal herein, in the following manner:  $ 150.00 per month

**Administrative Priority** Debt (per 11 USC 507): balance of attorney fees for representation in this case re: review of claims filed herein and representation re: claims objections thereto; prosecution of judicial and secured lien avoidances, representation re: dismissal motions and dischargeability actions: $ 1,975.00

**Priority Debt**: none @ prevailing interest rate: $ 0.00

**Domestic Support Arrears** (per 11 USC 1322 (b)(10)): none @ prevailing interest rate: $ 0.00

**Judgment Lien/Secured Loans** (value of non-exempt property): none @ prevailing interest rate: $ 0.00

**Unsecured balance of secured loans/judgments**:

        Citifinancial (via Pond motion):$9,503.00 @ 5% div.: $ 475.00

**Unsecured, nonpriority debt**: $ 10,141.00 @ 5% div.: $ 507.00

**Trustee Commission**: $ 950.00

    Total amount of all funds to be paid through Plan: $ 14,835.00

    Number of months of duration of herein Plan:   60

    Petitioner shall pay the following sum to the
Chapter 13 Trustee on a monthly basis:   $ 250.00

Creditors who have co-signers, co-makers or guarantors ("Co-obligators") from whom they are enjoined from collection under 11 U.S.C. section 1301 and which are separately classified shall file their claims, including all of the contractual interest which is due or will become due during the consumation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the petitioner and any co-obligator.

If a pre-confirmation secured or priority claim is filed in an amount greater than specified in the plan, petitioner(s) shall have the option of allowing confirmation to proceed by increasing plan payments or duration as needed to provide for full payment of the claim.

Confirmation of the Plan shall not prevent petitioner(s) from filing an objection to any claim subsequent to confirmation of the Plan, for any reason.

The provisions of this plan bind the petitioner(s) and each creditor, whether or not such creditor has objected to, has accepted or has rejected the plan.

The holder of an allowed claim secured by personal property shall be conclusively deemed to be adequately protected throughout the term of the Plan so long as such creditor has received all payments due under terms of the confirmed plan herein.

Title to all the petitioner's property, of whatever nature and kind and wherever located is hereby vested in the petitioner(s) during the pendency of this Chapter 13 proceeding pursuant to the provisions of 11 U.S.C section 1327.

Any claim timely and properly filed by a creditor arising from rejection of an executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the trustee or petitioner to object to the amount of the claim.

The balance of funds not retained for administrative expenses or used for payments of secured or priority claims shall be accumulated and distributed to unsecured creditors.

General unsecured creditors shall be paid a pro rata share of their claims as are finally determined by the court. The plan will not be deemed to be completed until petitioners herein have paid three years of payments unless allowed unsecured claims are paid in full. No claims shall be allowed unless the creditor shall file a timely proof of claim.

date: 11/09/2010          Petitioner: /s/ Ronald J. Ostrowski